Dear Mr. Perigo:
this opinion letter is in response to your question asking:
 As the City of Joplin continues to extend its city limits into Newton County, does the Newton County Ambulance District, Redings Mill Fire Protection District, and City-County Library of Newton County continue to receive property taxes from the new Joplin residents?
The property taxes imposed by each of the taxing entities referred to in your question will be considered separately below.
City-County Library District of Neosho-Newton County
The applicable statute dealing with libraries in Section182.480, RSMo 1986, which states:
 As of October 13, 1965, and any other provisions of law to the contrary notwithstanding, all of the area or territory included within the geographical boundaries of a city, including any area or territory which becomes a part of any city pursuant to any annexation pending on October 13, 1965, which maintains a free public library supported at least in part by taxation, shall be a "municipal library district" and shall have as its purpose the furnishing of free public library services to residents of the district, and the district shall be known as "The city of ____________ Municipal Library District", and each such district shall be a political subdivision of the state of Missouri and a body corporate with all the powers and rights of like or similar corporations, and as of the effective date of sections 182.130 and 182.480 to 182.510, all of the area or territory which is hereby included within a municipal library district shall be excluded from the boundaries of any existing county library district, and all of the taxable property located in the municipal library district shall only be subject to taxation by the municipal library district and shall hereafter not be subject to taxation by the county library district; provided, however, that after October 13, 1965, any annexation by a city having within its boundaries a municipal library district shall not extend the boundaries of the municipal library district, and any annexed areas shall remain in the county library district, and the taxable property in any such annexed areas shall only be subject to taxation by the county library district and shall not be subject to taxation by the municipal library district; except, that in any county not having a county library any such annexation shall likewise extend the boundaries of any existing municipal library district.
(Emphasis added.)
As set forth in the provision highlighted above by underlining, boundaries of municipal library districts cannot be extended into areas already designated as county library districts. Property originally within the county library district remains a part of that county library district with all such property being subject to taxation by the county library district alone. As such, the addition of an area to the City of Joplin does not alter the relationship between such area and the City-County Library District of Neosho-Newton County nor does it make such area subject to taxation by the library located within the City of Joplin. See also Missouri Attorney General Opinion No. 207, Proffer, 1972, a copy of which is enclosed.
Redings Mill Fire Protection District
The impact of the addition of an area to the City of Joplin upon taxation by the Redings Mill Fire Protection District depends upon the population of the City of Joplin.
Section 321.320, RSMo 1986, states:
 If any property, located within the boundaries of a fire protection district, is included within a city having a population of forty thousand inhabitants or more, which city is not wholly within the fire protection district, and which city maintains a city fire department, the property is excluded from the fire protection district.
If the population of the City of Joplin is 40,000 or more and is not wholly within the fire protection district and it maintains its own fire department, then such area would no longer be within or subject to taxation by the Redings Mill Fire Protection District.
If, however, the population of the City of Joplin is less than 40,000 but greater than 5,000, the applicable statute is Section 321.322, RSMo 1986, which provides in part:
 1. If any property located within the boundaries of a fire protection district shall be included within a city having a population of at least five thousand but not more than forty thousand which is not wholly within the fire protection district and which maintains a city fire department, one-fifth of the assessed valuation of such property shall be excluded from the tax rolls of the fire protection district and included on the tax rolls of the city on January first of the first calendar year occurring after the date on which the property was included within the city or after September 28, 1985, whichever later occurs; two-fifths of the assessed valuation of such property shall be excluded from the tax rolls of the fire protection district and included on the tax rolls of the city on January first of the second calendar year occurring after the date on which the property was included within the city or after September 28, 1985, whichever later occurs; three-fifths of the assessed valuation of such property shall be excluded from the tax rolls of the fire protection district and included on the tax rolls of the city on January first of the third calendar year occurring after the date on which the property was included within the city or after September 28, 1985, whichever later occurs; four-fifths of the assessed valuation of such property shall be excluded from the tax rolls of the fire protection district and included on the tax rolls of the city on January first of the fourth calendar year occurring after the date on which the property was included within the city or after September 28, 1985, whichever later occurs all of the assessed valuation of such property shall be executed from the tax rolls of the fire protection district and included on the tax rolls of the city on and after January first of the fifth calendar year occurring after the date on which the property has included within the city or after September 28, 1985, whichever later occurs.
 2. Any property excluded from a fire protection district by reason of subsection 1 of this section shall be subject to the provisions of section 321.330.
If, by virtue of the population of the City of Joplin, Section 321.322 is applicable, the fire protection district is eligible to continue taxing the area added to the City of Joplin pursuant to the formula set forth in such section.
Furthermore, such area would also be subject to Section321.330, RSMo 1986, which states:
 All real property included within, or excluded from, a district shall thereafter be subject to the levy of taxes for the payment of any indebtedness of the district outstanding at the time of inclusion or exclusion; provided, however, that after any real property shall have been excluded from a district, as herein provided, any buildings and improvements thereafter erected or constructed on said excluded real property, and all machinery and equipment thereafter installed or placed therein or thereon, and all tangible personal property not in said district at the time of the exclusion of said real property from said district which shall thereafter be situate on or used in connection with said real property, shall not be subject to any taxes levied by said district.
Whether the area added to the City of Joplin is still subject to taxation by the Redings Mill Fire Protection District is dependent upon the population of the City of Joplin. For purposes of determining the relevant population of the City of Joplin, see Section 1.100, RSMo 1986, which provides:
 1. The population of any political subdivision of the state for the purpose of representation or other matters including the ascertainment of the salary of any county officer for any year or for the amount of fees he may retain or the amount he is allowed to pay for deputies and assistants is determined on the basis of the last previous decennial census of the United States. For the purposes of this section the effective date of the 1960 decennial census of the United States is July 1, 1961, and the effective date of each succeeding decennial census of the United States is July first of each tenth year after 1961; except that for the purposes of ascertaining the salary of any county officer for any year or for the amount of fees he may retain or the amount he is allowed to pay for deputies and assistants the effective date of the 1960 decennial census of the United States is January 1, 1961, and the effective date of each succeeding decennial census is January first of each tenth year after 1961.
 2. Any law which is limited in its operation to counties, cities or other political subdivisions having a specified population or a specified assessed valuation shall be deemed to include all counties, cities or political subdivisions which thereafter acquire such population or assessed valuation as well as those in that category at the time the law passed. Once a city not located in a county has come under the operation of such a law a subsequent loss of population shall not remove that city from the operation of that law. No person whose compensation is set by a statutory formula, which is based in part on a population factor, shall have his compensation reduced due solely to an increase in the population factor.
See also Sections 71.160 through 71.180, RSMo 1986, which provide for a special census.
Newton County Ambulance District
Ambulance districts are created and managed pursuant to Sections 190.005 to 190.085, RSMo 1986. Section 190.010.1 provides in part: "An ambulance district may include municipalities or territory not in municipalities or both or territory in one or more counties; . . . . The territory contained within the corporate limits of an existing ambulance district shall not be incorporated in another ambulance district."
It is apparent from this language that the ambulance district may exist within the boundaries of the City of Joplin since the district may include both municipalities and nonmunicipal territory. It is likewise apparent that an existing ambulance district's territory cannot be incorporated in another ambulance district. The applicable statutes governing ambulance districts do not contain any provisions similar to those that exist for fire protection districts restricting taxation by the district in an area added to the city. Therefore, we conclude the Newton County Ambulance District may continue to tax that area within the district added to the City of Joplin.
In summary, it is the opinion of this office that the area in question which was recently added to the City of Joplin will continue to be subject to taxation by the City-County Library District of Neosho-Newton County and the Newton County Ambulance District. Whether such area remains subject to taxation by the Redings Mill Fire Protection District and the extent to which it remains subject to such taxation is determined by the relevant population of the City of Joplin.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 207, Proffer, 1972